CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
Roanoke
JUL 0 6 2006
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEE S. MYERS, # 276467,<br>Plaintiff, | Civil Action No. 7:06cv00348 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON, et al.,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Lee S. Myers, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Myers alleges that the defendants have generally failed to provide him with adequate medical care and refuse to transfer him to a medical facility in violation of the Eighth and Fourteenth Amendments. Myers seeks $25,000 in compensatory damages, unspecified punitive damages, and his immediate release from prison or transfer to a medical facility. Upon review of the record, I conclude that the plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

On June 9, 2006, Myers' complaint was conditionally filed and he was advised that he failed to allege facts stating a constitutional claim against anyone. Plaintiff was directed to amend his complaint to allege specific details about any knowledge the defendants had concerning the alleged risk presented by the his existing medical conditions, any specific requests he made for medical treatment to specific defendants and responses he received, the medical condition diagnosed once he did see a doctor, and the effect, if any, that delay in treatment had on his

1

condition. Additionally, Myers was directed to detail his current medical condition, the treatment physicians have determined he needs to maintain his health, the treatment he has been denied as a result of his continued incarceration in the Wallens Ridge State Prison, and the treatment plaintiff believes he needs to maintain his well-being. Myers filed a motion to amend on June 27, 2006 in response to the court's order. For good cause shown, plaintiff's motion to amend is hereby granted.

## II.

Myers alleges that he is totally deaf, legally blind, and confined to a wheelchair, and argues that because of his infirmities he should be housed at an a medical facility rather than at the Wallens Ridge State Prison ("Wallens Ridge"), a maximum security institution. He further contends that because of the physical limitations imposed by his confinement to a wheel chair he is more vulnerable to a physical attack or "trampling" by other inmates and cannot easily move away from pepper spray or rubber bullets if they are sprayed onto disruptive inmates, further supporting his need to be transferred to a medical facility.

Myers also alleges that during his incarceration he has been denied adequate medical attention. Specifically, he claims that medical personnel have not given him a proper physical exam since his transfer to Wallens Ridge, refuse to "amputate" one of his toes, and have failed to provide him with hearing aids, glasses, and a rehabilitation program. However, he concedes that he has been examined and treated by nursing staff, the institutional physician, and the institutional dentist on several occasions for a range of medical maladies, and is receiving his prescribed medication. Additionally, Myers laments medical personnel's failure to assist him with his

2

personal hygiene needs, including bathing, cutting his toe nails, and shaving, and complains they make jokes about his physical limitations. Yet, he admits that when staff attempt to assist him he becomes "angry and chase[s] them away."

Myers further complains that he has been unfairly punished for the actions of other inmates, because he, along with the rest of the inmate population at Wallens Ridge, was put on a thirty day lock down which limited his exercise opportunities and "freedom."

## III.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is frivolous, malicious, or if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988)

### A. Place of Incarceration

To the extent Myers alleges that his incarceration at Wallens Ridge rather than a medical facility violates his due process rights or amounts to cruel and unusual living conditions, it fails. "In order to prevail on . . . a procedural . . . due process claim, [an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). An inmate has no constitutional right to be housed in any particular prison, and prison officials have broad discretion to determine the facility at which an inmate is housed. Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty

3

interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that a valid conviction "empower[s] the State to confine [an inmate] in *any* of its prisons") (emphasis in original); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (holding that a mere transfer from one facility to another does not implicate the Due Process Clause, regardless of whether the transfer is the result of the inmate's misbehavior or is punitive in nature); but see, Wilkinson v. Austin, 545 U.S. 209 (2005) (holding that, despite general rule that an interprison transfer does not implicate the Due Process Clause, transfer to a so-called "Supermax" facility at which prisoner would experience exceptionally more onerous conditions did implicate the Due Process Clause). As Myers has not been transferred to a "Supermax" facility nor does he have a liberty interest in being incarcerated in any particular facility, I find that he has not stated a due process claim.

Likewise, Myers has failed to allege facts which suggest his placement at Wallens Ridge violates the Eighth Amendment. To state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Myers alleges that because of his confinement to a wheelchair he is vulnerable to a

4

physical attack or "trampling" by other inmates and cannot quickly move away from pepper spray or rubber bullets if they are sprayed onto disruptive inmates. However, Myers has not offered any facts which reasonably suggest institutional personnel have been deliberately indifferent to these risks. Myers does not allege that he has complained to correctional personnel that any inmates have threatened him, that his complaints that he was threatened were ignored, nor that officers have intentionally and/or recklessly sprayed him with pepper spray or rubber bullets. Furthermore, Myers does not allege that he actually has been attacked by other inmates or suffered any real or significant harm as a result of his decreased mobility. Additionally, due to his admitted disabilities, it is clear that Myers would face similar risks of harm at virtually any institution. Therefore, I find that Myers has failed to raise a claim of constitutional magnitude as to his continued incarceration at Wallens Ridge.

### B. Medical Care

Similarly, Myers has failed to allege facts sufficient to raise a claim under the Eighth Amendment related to his displeasure with the medical care provided at Wallens Ridge. In order to state a cognizable claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not

5

state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care, rather the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Although Myers complains that institutional staff have failed to give him a proper physical exam, refuse to amputate his toe, refuse to provide him with glasses, hearings aids, or rehabilitative programs, and have not provided him with adequate help to maintain his personal hygiene, he admits that he has been examined and treated by medical staff on numerous occasions following a multitude of varied medical complaints, that he regularly receives his prescribed medication, and that when staff attempt to help him with personal hygiene maintenance, he chases them away. Further, despite being specifically directed to amend his complaint to detail his existing medical infirmities, the treatment physicians have determined he needs to maintain his health, the treatment he has been denied as a result of his continued incarceration in the Wallens Ridge State Prison, and the treatment plaintiff believes he needs to maintain his well-being, Myers failed to provide any additional detail regarding his illness and/or necessary treatment. Accordingly, I find that although he may be dissatisfied with the institutional physician's treatment plan, which may reasonably exclude a physical rehabilitation program or sensory aids, this amounts to nothing more than a disagreement between medical staff and an inmate as to the proper course of treatment, which is not actionable under the Eighth Amendment.

Additionally, to the extent that Myers believes that the institutional physician or other

6

medical staff have failed to recognize or treat his medical needs, such disagreement does not rise to the level of a federal constitutional violation. Rather, such a claim would arise, if at all, under state medical malpractice laws and does not present a colorable claim under § 1983. See Estelle, supra, at 105-106.

### C. Lock Down

Myers also fails to state a claim that an institution-wide lock down amounts to cruel and unusual punishment. As noted above, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Myers has not alleged that he suffered any actual harm as a result of the thirty day lock down or due to the resultant loss of "freedom" or limited exercise opportunities; and, thus, fails to state a claim of constitutional magnitude. See Strickler, 989 F.2d at 1380-81; Mitchell v. Rice, 954 F.2d 187, 190 (4th Cir. 1992)(finding that in some instances the deprivation of out-of-cell exercise for an extended period of time may violate the Eighth Amendement); Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 865-66 (4th Cir. 1975)(holding that restrictions on exercise opportunities constitutes cruel and unusual punishment if its is harmful to an inmate's health).

### IV.

Based on the foregoing, I find that Myers has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice

7

pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 6th day of July, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge